Brala Beverly

9663 Santa Monica Blvd #1115

Beverly Hills, Ca. 90210

(949)-560-2560

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Brala Beverly, | ) | Case # SACV20-00797-JGB (PJW) |
| Plaintiff, | | Objections to Magistrate Judge |
| V. | ). | Walsh Report and Recommendations |
| Orange County Sheriff, | | Memorandum of Points and Authorities, |
| Does 1-1000 | ) | Declaration |

I.     INTRODUCTION

       Brala Beverly has never filed a complaint in federal court before, but filed two cases this year within a short time of one another. One pertained to the false arrests by the Newport Beach Police case #8:20-cv-01006 regarding a 9 year old warrant over an alleged drink theft, and an arrest over an exchange of an iphone cord at Apple, supposedly somehow causing a theft of the cord and a felony assault according to police, although they don't truly describe any of that in their report. The DA naturally dropped all charges. Brala Beverly alleged discriminatory actions by police in these arrests made upon her due to being transgender. The other case of course is this case which regards

what happened to Brala Beverly once arrested by the Newport Beach police once transferred to the OC Sheriff for jail time. The OC Sheriff in this case honored the warrant for the 9 year old drink theft charge, despite it being irregular on its face. Magistrate Judge Walsh somehow managed to be assigned to both cases, and pre screened the Newport Beach police case with no parties appearing, a phenomenon that would never occur in state court. He then, with no hearings, conducted a trial all by himself concluding probable cause for the arrests. I therefore made a peremptory challenge to this judge being assigned to these cases due to prejudice. The challenge was denied, another phenomenon that would not have happened in a new California case in state court before any hearings were held. I then felt it was better serving justice to send the case to state court before the statute of limitations expired. Fortunately, the appeals court pointed out that the magistrate judge could not prejudice my case all by himself

So, in light of these facts, I am very much unsurprised this same judge concludes in his recommendations and report in this case that transgender people have no constitutional right to equal protection in prison and that somehow a transgender female can be treated differently than another female in violation of the fourteenth amendment of the constitution right out of the gate and placed in a men's jail. As usual, this judge misstated many facts that were actually written into the complaint, therefore disputing the facts as written in the complaint in his recommendations to dismiss matters. He also excludes many legal authorities provided in the initial opposition to dismiss documents filed with the court already in this action in his report. So, while some claims were not yet made that should have been outlined in the initial complaint based on the facts provided therein against the Orange County sheriff, I nevertheless contend that of the five claims that were made in the initial complaint, they are also valid. I would therefore like to later amend the complaint to add to the claims as I will outline herein while I defend the initial claims of the complaint as well. I do expect to gain assistance from legal counsel amid an anticipated change in financial status by the end of the year, but the laws I cite throughout this objection document are as valid as they ever would be regardless whether I am self represented, in forma pauperis at this time, or whatever the momentary personal financial hardship outside the facts of the forthwith mentioned legal citations for

this actual case is. I was very much surprised to hear in the Newport Beach police case I filed, which was, as I mentioned, reviewed by the same magistrate judge, that financial hardship was seen as probable cause to pre screen a complaint in the federal court system. Hopefully that will not be the case with the district judge in this case as financial hardship has nothing to do with this case on any level.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

The report claims on page 2 that the complaint did not make clear who was being sued. The complaint names the Orange County Sheriff on page 3. This is the agency that held Brala Beverly in a mens' jail, not the Newport Beach Police who had her only in a single person holding cell for a few hours before the transfer. The defendant, the report claims on that page, believes Orange County, not the Orange County Sheriff should be the defendant, even though it is the policy toward transgender inmates by the Orange County Sheriff that is the stated basis of the complaint.

On page 6 of the report and recommendations document filed by the magistrate Judge Walsh, he claims there is no constitutional right (meaning none of the amendments to the constitution, not just the ones cited in the first complaint in this action) of a transgender inmate to have their legal gender as noted on their state and federal ID recognized by the prison system in their assignments to gendered prisons and cells. He also claims on that page that Brala Beverly was not endangered "just because" she was put in a cell with a man who said he stabbed his wife. He also misstates the complaint, which specifically says on page 5 of the complaint, this same man who stabbed his wife, did in fact make threats upon Brala Beverly and was making threats to Brala Beverly with other inmates, none of which the police cared about. It is astonishingly callous just how evil this report and recommendation is, far more evil than the constitution of the United States should ever have intended. The muscular man who stabbed his wife they placed in the cell with Brala Beverly could have easily raped and or killed Brala Beverly in a matter of seconds long before police could aid anything and already discussed the mind to do so. To say this put Brala Beverly in no danger is absurd beyond belief. The descriptions of violent threats hoisted upon Brala Beverly alleged in the complaint, the slurs by police toward Brala Beverly are

the exact reasons why a men's prison is an inappropriate place for a transgender woman.

The complaint fully justifies the first claim of the Complaint for 42 U.S.C. 1983 4.14 State Created Danger for these reasons. All four elements of that cause of action have been met. The Complaint does cite the fourteenth amendment to the constitution as violated therein but does not yet make a separate claim for it in the initial complaint for this action. Nevertheless, the report on page 3 cites the fourteenth amendment mention on page 5 of the complaint and states an amended complaint with this claim would be invalid, presuming falsely of course, and in direct conflict with the stated facts of the complaint, that the way Brala Beverly was treated in the prison was no different than the way a non transgender inmate is treated by police and other inmates. Other inmates reported to Brala Beverly other transgender women had been placed in that area before, physically assaulted by police, and often found their way out of the mens' prison system after much legal help. The system should not be set up to endanger these women due to prejudice right out of the gate however.

On page 4 of the report, Judge Walsh writes that he "does not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences," while citing *Sprewell V. Golden State Warriors, 266 F.3d 979,988-989 (9th circuit 2001)*. That was a case regarding an arbitration award that disputed allegations of a separate petition. The Magistrate judge in this case is reviewing a matter that has had zero hearings, zero trial of facts, zero related cases with final rulings and he himself ironically is the one making conclusions of law all by himself in spite of the reasonable inference that Brala Beverly is treated differently in society and in prison as a transgender inmate than a non transgender inmate. It is entirely transphobic and disingenuous to pretend transgender people do not exist as the police are accused of in this case, much like magistrate Judge Walsh is doing in his report (see Attachment A photo of Plaintiff in case of ignorance of what a transgender person is. Transgender people do not see themselves and appear as their gender related to their born biology and are not viewed as traditional gender people for that reason, so there is no reason to pretend this is not the case and endanger transgender people further).

On page 4 of the report the Magistrate Judge claims the Monell claim inferred by the Complaint

was not adequately outlined in the complaint because he believes there is no policy that exists to protect transgender inmates as a specific community which could have been violated, as none exist in his imagination, as he restates the complaint in his own preference and disputes the facts laid out therein that the Orange County Sheriff had an unlawful policy to ignore the transgender legal status of inmates. In the opposition to the motion to dismiss filed in this case on June 25,2020, Brala Beverly cited a large array of federal laws protecting transgender inmates that were violated by the OC Sheriff. Whether these laws should be made as separate claims in an amended complaint, or whether they fall under the umbrella of constitutional rights violations or both may be at issue, but they are certainly policy violations by the OC sheriff of both in any case. The laws cited by Brala Beverly in that document include the prison rape elimination act including the rule amendment of 2012 referring to transgender inmates, the *code of federal regulations 115.215,115.315, 115.341, 115.342, and 115.343*, which deal with the treatment requirements by police of transgender inmates, the *transgender manual for the bureau of prisons program 5200.04, 42 U.S.C. 15607 (b)* standards to be met by prisons as pertains to transgender inmates, *California Assembly Bills, 196,887, and 1400* pertaining to the rights of transgender individuals to not be discriminated against in public accommodations or housing, *California Code of Employment and Housing regulations title 2 , 11030,11031,11034, 2017 fair employment and housing regulations 2017* and *820.4 government code* for false arrest due to a warrant irregular on its face. The magistrate judge simply casually ignored all these cited laws and regulations violated by the OC sheriff in his report claiming there is no jurisdiction for a Monell claim in this case like the laws and regulations protecting transgender inmates simply don't exist.

  On page 4 of the report, the Magistrate Judge also rejects the eighth amendment mention in the complaint (although still as yet made as a formal claim in the initial complaint) saying the prison conditions in the eighth amendment only pertain to convicted inmates, and therefore not to Brala Beverly. Although I do not see that wording in the amendment itself, to make the facts of this case clear, Brala Beverly was arrested on a 9 year old warrant regarding an allegedly stolen drink and arrested before a trial. While in prison the prison conducted a sham trial with no facts and pressured Brala

Beverly to a plea deal admitting guilt to serve less time in the life threatening jail situation at all costs. (Collect Prison phone calls were a challenge). Brala Beverly then continued her prison stay as a convicted inmate to serve her time. However, once released, Brala Beverly motioned the court to remove her guilty plea and that removal was accepted by the court. Nevertheless, time was served partly during the status of a guilty verdict, so even by the argument of the magistrate judge the eighth amendment would still apply to this case. On that note, in Brala Beverly's opposition to dismiss she stated she could not shower due to the cruel and unusual circumstance of being placed in the wrong gender prison, was not given soap, shampoo or hygiene products and could not eat the non vegan food given to her.

The due process clause of the fourteenth amendment would nevertheless also apply to this case since Brala Beverly was also in prison before the guilty plea. The due process clause regards fundamental fairness, a right the court itself also agreed was violated upon Brala Beverly when it reversed her guilty plea in the case the OC sheriff held her in jail under. The due process clause was read rigidly only in terms of physical abuse by other inmates by the magistrate judge on page 5, but the complaint states clearly that police physically forced her to do things against her rights as a transgender person physically forcing her into the mens' prison with men directly threatening her life and safety, including her permanent cell mate who stabbed his wife. So, it was the police engaging in the actual physical violence in the complaint, while the inmates only threatened it to that point. Further, the due process violations in this case go back to the policy violations against transgender inmates in this case by the defendant OC Sheriff including but not limited to the prison rape elimination act and the code of federal regulations as pertains to transgender inmates further specified in this document, as well as overt disregard for the legal gender on the ID of the plaintiff, which is a policy of assigning inmates based on legal sex that was disregarded. This was a lack of procedural due process by the defendant. The fifth amendment of the constitution can also be a valid claim in this case if the police in California are recognized as not only a state but a federal agency if receiving federal funds.

The judge again misstates the complaint on page 5 of the report, claiming it does not say the police threatened or actually harmed plaintiff. That is not how the complaint reads or is written.

It explicitly states police abuse and physical force throughout. The issue for the magistrate judge is simply that as an obvious transphobic bigot he doesn't believe throwing a transgender woman forcibly into a men's jail while men are threatening rape and murder is an act of violence or cruel and unusual punishment.

On page 6 of the report, the Magistrate judge again misstates what the complaint says are the facts of the case in his one man trial of facts with no parties appearing. He claims the complaint says police could see Brala Beverly from her cell, was not placed in a cell with anyone making threats, and therefore no cruel and unusual punishment occurred. The complaint directly states on page 5 the man who stabbed his wife who was her permanent cell mate made direct threats on her and there is no statement in the complaint the police were in direct view of that cell any more than any other, and they were not. At no time in the complaint did Brala Beverly say the police cared if she was harmed. In fact the opposite was stated throughout, including slurs made by police wishing her to stay in jail for the rest of her life, accusing her of being on meth, saying she was not a woman and there is no such things as transgender. Again. The magistrate judge is having his own one man trial no different than he did in his pre screening of the Newport Beach police case I filed. He is **NOT** reading the facts as stated in the complaint and I can only infer from his transphobic statements he believes he has no reason to. There is also no statement in the complaint that only female guards stripped searched her. This occurred only once, and was never stated in the complaint to occur again throughout the stay. Again, this judge is having his own trial of facts in a motion to dismiss hearing.

The magistrate judge then proceeds to claim *Farmer v Brennan, 511 U.S., 825,847-48 (1994)* doesn't apply to this case, and provides no right to anything for Brala Beverly because that case involved a transgender woman who was raped in jail, not "merely" assaulted by police and forced into the men's jail with men threatening her by physical force in violation of her constitutional rights of equal protection et al as outlined in this complaint. The judge overlooks the fact that the transgender woman in that case was placed in a womens' prison after that attack by court order because she is transgender and therefore endangered due to that alone in a mens' jail.

The judge claims that the recent supreme court decision in *Bostock v. Clayton County, Georgia, 140 S. Ct. 1731 (2020)* stating that Title 7 of the 1964 Civil Rights Act disallows discrimination against transgender people based on sex has no relevance to ignoring the legal sex on state and federal ID of transgender women and putting them in the opposite sex jail cell anyway. Since that doesn't sound like sex discrimination to this judge, I think he is wishful in thought, to an extreme degree.

On page 7 of the report, the judge says Brala Beverly stating her request to see a doctor before placed in permanent cell with dozens of men screaming violent threats at her was not a "serious claim of deliberate indifference by police for medical help." Apparently, the modus is ignore red lights and run right through them. If plaintiff escaped alive, what's to complain about just because police ran her through them with no sirens. The judge claims that Brala Beverly doesn't say in the complaint who at the Orange County Sheriff said they don't honor the legal gender of transgender inmates on the legal ID. Again, this is an inaccurate statement of the complaint which says everyone in the police department said that including a sheriff himself (page 9 of Complaint). Why is this judge first saying it doesn't matter the police ignored the legal ID because no policy protects transgender inmates, but here on page 7 of the report he is contradicting himself pretending this was some type of mistake that isn't customary, and therefore there is no valid Monell claim? Just looking at the defendant's motion to dismiss should be enough to tell any honest judge that the defendant does not recognize any right of a transgender inmate to have their legal ID respected by the police in prison assignments. Nowhere in the motion to dismiss does the defendant even hint transgender people have any rights whatsoever to live as the gender they identify as. Apparently it is only constitutional in the eyes of the defendant to force transgender people into obvious danger and violence by pretending they aren't transgender, transgender don't exist, and placing them in traditional gender social assignments while people clearly treat them differently anyway.

On page 8 of the report the judge says the second claim of the complaint for the 2005 Unruh act only applies to businesses not discriminating against transgender employees so that mindset offers no authority or reason to believe the state or federal government should behave any better than a

private business in its treatment of transgender people. This bill was strengthened to protect transgender people with assembly bill 1400 and later assembly bill 887 in California. Although much of the bill pertains to businesses and their treatment of transgender individuals, it also discusses housing within the bill. Assembly bill 887 further discusses penal code 11410 in fact, which states that someone should not be placed in a state of fear or intimidation based on their gender identity. The fact that the government committed this crime against Brala Beverly, as opposed to a private citizen is not a helpful distinction. The Equality Act of 2019 HR5 passed by Congress recognized state property as public accommodations when it discussed no discrimination of transgender individuals as well.

 On page 8 the judge agrees with defendant that being transgender and physically forced into another gender jail cell amid violent threats from inmates in not a constitutional rights violation, therefore not a Bane rights violation. Plaintiff disagrees for the aforementioned reasons stated within this document.

 On pages 9 and 10 of the report, the judge dismissed the Ralph act claim because he disagrees with the facts stated in the complaint that police were motivated to attack her for being transgender. The judge is in no right to rewrite the complaint to his liking. Page 9 of the complaint explicitly outlines statements made by police against all transgender people. Just because this judge is also bigoted is not an excuse to dismiss the Ralph act claim of the complaint.

 Finally, the judge neither accepts or denies the fourth amendment claim in the complaint merely recites the claim of being forced to shower in front of other gendered individuals screaming about rape at her, and therefore not showering. This amendment can also cover the illegal search and seizure by wrong gendered staff, placed in prison not of legal gender on ID, and falsely held in a prison despite a warrant unusual on its face.

  III.  DECLARATION

 I, Brala Beverly, hereby state the foregoing as true and correct to the best of my

knowledge under the laws of the state of California.

_8/6-20_
Date

_____
Brala Beverly

### IV. CONCLUSION

The constitutional right of transgender people to live the gender they identify as is a first amendment right, which was violated in this case as well. Forced gender change upon arrest is cruel and unusual punishment. Transgender inmates need to be protected from violence by being placed in prisons matching their legal gender. This policy has been adopted as practice in the largest cities in the country including New York and Los Angeles (Attachment B). The federal government has made great strides in the past two decades protecting transgender inmates in their code of federal regulations, prison rape elimination act, and various case rulings. California assembly bills 633 and 382 further discuss the requirement of police to protect transgender inmates, which was not followed in this case. Any new case can also create precedent if there is not one yet in some area of law. This case provides good cause to protect transgender inmates not only from other inmates but from overt verbal and physical harassment by police due to being transgender. Pretending transgender people don't exist and the gender on their legal ID doesn't deserve to be respected is a breach of state and federal policy. No transgender woman with a female ID belongs in a men's jail. The legal ID has a legal reason behind it. The reason surely isn't nothing, except to transphobic people of course. The Orange County Sheriff is guilty as charged in this case, transphobic in practice, in violation of the U.S. constitution and required policies for prisons.

_8·16-20_
Date

_____
Brala Beverly

Objections to Report and Recommendations