1  WOODRUFF, SPRADLIN & SMART, APC
   DANIEL K. SPRADLIN - State Bar No. 82950
2  dspradlin@wss-law.com
   555 Anton Boulevard, Suite 1200
3  Costa Mesa, California 92626-7670
   Telephone: (714) 558-7000
4  Facsimile: (714) 835-7787

5  Attorneys for Defendant COUNTY OF ORANGE, a public entity,
   erroneously sued and served as ORANGE COUNTY SHERIFF, in its
6  official capacity

7

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | BRALA BEVERLY,                    | CASE NO.: 8:20-cv-00797 JGB (SP)
12 |              Plaintiff,           | BEFORE THE HONORABLE
                                        JESUS G. BERNAL
13 | v.
14 | ORANGE COUNTY SHERIFF, DOES 1-    | **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
   | 1000,
15 |              Defendants.
16 |
17 |                                   | HEARING DATES PENDING:
                                        Type:      Motion to Dismiss
18                                      Date:      October 13, 2020
                                        Time:      10:00 a.m.
19                                      Courtroom: Magistrate Sheri Pym
                                                   3470 12th St., Riverside
20                                                 Courtroom 3. 3rd Floor

21 TO:   PLAINTIFF IN PRO PER:

22        PLEASE TAKE NOTICE that at the time of the hearing of the motion to

23 dismiss Plaintiff's first amended complaint brought by Defendant COUNTY OF

24 ORANGE, a public entity, erroneously sued and served as ORANGE COUNTY

25 SHERIFF, in its official capacity ("County"), the County will request the Court to

26 take judicial notice of the following facts/documents under Federal Rules of Evidence

27 201, and California Evidence Code sections 452 and 453:

28 ///

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1      1.     The criminal docket in *People v. Beverly*, bearing Orange County
2  Superior Court Case No. 12HM01337, attached at Exhibit A.

3  DATED:  September 14, 2020          WOODRUFF, SPRADLIN & SMART, APC

4

5                                      By: /s/ *Roberta A. Kraus*
6                                          DANIEL K. SPRADLIN
                                           ROBERTA A. KRAUS
7                                          Attorneys for Defendant COUNTY OF
                                           ORANGE, a public entity, erroneously sued
8                                          and   served   as   ORANGE   COUNTY
                                           SHERIFF, in its official capacity
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1520547.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1

# <u>**TABLE OF CONTENTS**</u>

2

<u>Page</u>

3

1.    FEDERAL RULES ..................................................................5

4

2.    THIS COURT MAY CONSIDER DOCUMENTS NOT ATTACHED
      TO PLAINTIFF'S FIRST AMENDED COMPLAINT WHEN RULING
5     ON THE MOTION TO DISMISS ...............................................5

6

3.    CALIFORNIA AUTHORITY ....................................................6

7

8

9

10

11

12

13

14

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1520547.1

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

*In Re Donald J. Trump Casino Securities Litig.*, 7 F.3d 357 (3rd Cir. 1993) ................5

*Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429 (7th Cir. 1993) 5

## FEDERAL STATUTES

Federal Rules of Evidence 201 ................................................................................... 1, 5

## STATE STATUTES

Evidence Code section 452 ............................................................................................ 1

Evidence Code section 452(c) ....................................................................................... 6

Evidence Code section 453 ....................................................................................... 1, 6

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1520547.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. FEDERAL RULES**

Federal Rules of Evidence 201 states in part:

(b) Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(d) When Mandatory. The Court shall take judicial notice if requested by a party and supplied with the necessary information.

(f) Time of Taking Notice. Judicial Notice may be taken at any stage of the proceeding.

**2. THIS COURT MAY CONSIDER DOCUMENTS NOT ATTACHED TO PLAINTIFF'S FIRST AMENDED COMPLAINT WHEN RULING ON THE MOTION TO DISMISS**

Consideration of a document that is referred to in a plaintiff's first amended complaint and that is central to plaintiff's claim may be considered by the court in ruling on a 12(b)(6) motion without converting it to a motion for summary judgment. *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *In Re Donald J. Trump Casino Securities Litig.*, 7 F.3d 357, 368, fn.9 (3rd Cir. 1993).)

In the *Trump* case, the court addressed this issue when defendants attached a prospectus to their 12(b)(6) motion that was not attached to plaintiffs' complaint. The court stated:

Although the plaintiffs did not attach the prospectus to their complaint, the defendants appended it to their motion to dismiss. We recently held that 'a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's

5

claims are based on the document.' [Citations omitted] Because the complaint directly challenged the prospectus, the district court properly considered the prospectus in deciding whether to grant the Rule 12(b)(6) motion. *Id*. at 368, fn. 9.

Here, Plaintiff alleges she was arrested on a nine-year-old warrant. She also asserts that during her incarceration at the Orange County Jail from September 23, 2019 to September 25, 2019, she underwent a sham trial during which she pleaded guilty. The docket for the criminal case filed against Plaintiff is relevant to the current claims she is making against the County. Since this claim is important to Plaintiff's causes of action against Defendant, it is appropriate for this Court to consider it when ruling on its motion to dismiss.

## 3. <u>CALIFORNIA AUTHORITY</u>

In addition, California authorities provide for the taking of judicial notice. California Evidence Code section 452(c) provides:

Judicial notice may be taken of the following matters...

(c)     Official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States. . . .

(h)     Facts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably undisputed accuracy.

California Evidence Code section 453 provides:

The trial court shall take judicial notice of any matter specified in Section 452 if a party requests it and:

(a)     Gives each adverse party sufficient notice of the request . . .

(b)     Furnishes the court with sufficient information to enable it to take judicial notice of the matter.

///

///

1520547.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1     Accordingly, the County requests this Court to take judicial notice of Exhibit A

2  attached to this notice.

3  DATED:  September 14, 2020          WOODRUFF, SPRADLIN & SMART, APC

4

5                                     By: /s/ *Roberta A. Kraus*
                                          DANIEL K. SPRADLIN
6                                         ROBERTA A. KRAUS
                                          Attorneys for Defendant COUNTY OF
7                                         ORANGE, a public entity, erroneously sued
                                          and   served   as   ORANGE   COUNTY
8                                         SHERIFF, in its official capacity

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1520547.1

# Case Summary

**Case Number:** 12HM01337
**OC Pay Number:** 7023569
**Originating Court:** Harbor - Newport Beach Facility
**Pay or Appear by:**
**Traffic School Completion Date:**
**Next Payment Date:**
**Defendant:** Beverly, Brala
**Demographics:**

| | | |
|---|---|---|
| Eyes: | Blue |
| Hair: | Brown |
| Height(ft/in) : | 5'7" |
| Weight (lbs): | 130 |

**Names:**

| Last Name | First Name | Middle Name | Type |
|---|---|---|---|
| Skiles | Brant | Jason | Alias |
| Beverly | Brala | | Alias |
| Beverly | Brala | | Real Name |

**Case Status:**

| | |
|---|---|
| Status: | Closed |
| Case Stage: | |
| Release Status: | |
| Warrant: | N |
| DMV Hold : | N |
| Charging Document: | Complaint |
| Mandatory Appearance: | Y |
| Owner's Resp: | N |
| Amendment #: | 0 |

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 11/01/2011 | 484(a)-488 PC | M | Petty theft | | | Dismissed | 02/18/2020 |

**Participants:**

| Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|
| District Attorney | | OCDA | Alvarez, Claudia C. | | |
| Public Defender | | OCPD | Deputy Public Defender, | | |
| District Attorney | | OCDA | Vohnout, Michelle | | |
| Public Defender | | OCPD | Poston, Amber | | |
| District Attorney | | OCDA | Chen, David P | | |

**Heard Hearings:**

| Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
|---|---|---|---|---|
| 03/06/2012 | Arraignment - | H8 | Heard | |
| 09/25/2019 | Arraignment Failed to Appear | CJ1 | Heard | |
| 02/18/2020 | Motion - | H5 | Heard | |

**Sentences:**

| Seq # | Sentence Date | Sentence | Due Date |
|---|---|---|---|
| 1 | 09/25/2019 | 10 days Jail | |

**EXHIBIT A**   **8**

1

## **PROOF OF SERVICE**

2

## **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3
4

    I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

5
6

    On September 14, 2020, I served the foregoing document(s) described as **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

7

☒    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

8
9
10
11
12

☒    **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

13
14
15

☒    **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

16
17
18
19
20

☐    **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

21
22

☐    **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

23

☐    **(BY PERSONAL SERVICE)** I delivered such envelope(s) by hand to the offices of the addressee(s).

24
25

☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

26

Executed on September 14, 2020, at Costa Mesa, California.

27
28

                       /s/ *Laura F. Perez*
                       LAURA F. PEREZ

1520547.1

1

**BRALA BEVERLY v. ORANGE COUNTY SHERIFF, et al.**

2

**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO.:  8:20-cv-00797 JGB (SP)**

3

4

**ASSIGNED TO JUDGE JESUS G. BERNAL**
**REFERRED TO MAGISTRATE JUDGE SHERI PYM**
**COURTROOM 3, 3RD FLOOR**

5

6

**SERVICE LIST**

7

Brala Beverly                                   Plaintiff in Pro Per
9663 Santa Monica Blvd., #1115

8

Beverly Hills, CA 90210

9

Telephone: (949) 560-2560
Email:  bralabev@yahoo.com

10

11

09/14/20

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

1520547.1